John HALDI, on behalf of himself and all other shareholders of Continental Investment Corporation

v.

CONTINENTAL INVESTMENT CORPORATION, James D. Cherry, Robert Lee Dodd and Scott Candler, Sr., and E. W. Van Houten and E. D. Shone, Jr.

Civ. A. No. 13262.

United States District Court, N. D. Georgia, Atlanta Division.

June 22, 1970.

Peek, Whaley, Blackburn & Haldi, Atlanta, Ga., for plaintiff.

Alston, Miller & Gaines, Atlanta, Ga., for Robert L. Dodd.

Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for Cont. Investment Corp.

John Paul Jones, Atlanta, Ga., for Shone.

## ORDER

EDENFIELD, District Judge.

This is a derivative action brought by Plaintiff John Haldi on behalf of himself and all other shareholders of Defendant Continental Investment Corporation. The complaint alleges *inter alia* that various officers and directors of Continental conspired among themselves and with others unknown to plaintiff wrongfully and fraudulently to use for their own benefit certain assets of the defendant corporation. The case is now before the court for consideration of (1) Defendants Cherry and Candler's motion to dismiss for failure to state a claim or in the alternative to strike certain paragraphs from the amended complaint or in the alternative for more definite statement, and (2) plaintiff's motion to require the taking of plaintiff's deposition on written interrogatories. In the view the court takes of the case the complaint is fatally defective in several respects. The motion to dismiss therefore must be granted and plaintiff's motion

will not be considered at the present time.

Although the complaint as originally filed contained an allegation that plaintiff was a shareholder of Continental at the time of the complained-of transactions, that allegation was deleted when the amended complaint was filed on December 1, 1969, and in its present posture the complaint alleges merely that plaintiff was a shareholder at the time the amended complaint was filed. This clearly is not sufficient to meet the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, nor does it meet the requirements of either present or prior Georgia law. (See Ga.Code Ann. §§ 81A–123(b), 22–615, and 22–5401, and former § 22–711.) Absent a substantial allegation that he was a shareholder at the time the alleged transgressions occurred, plaintiff cannot maintain this suit. Furthermore, although plaintiff does allege that the present directors have refused to bring an action against the individual defendants there is no allegation that the particular matters of which plaintiff complains were brought to the attention of the directors or that action by them was requested with regard to these matters. It is not sufficient merely to aver that the directors have refused to bring an action; there must be some showing of what they refused to act upon. 3B Moore's Federal Practice, ¶ 23.1[19] at 23.1–252. At the hearing which was held on March 4, 1970, counsel for plaintiff indicated a desire to file an amendment to the complaint to correct these deficiencies. However, to date, almost four months later, no amendment has been filed.

Accordingly, the complaint is dismissed for failure to state a claim upon which relief can be granted, without prejudice to the filing of an amendment to the complaint if plaintiff can thereby meet the requirements imposed by the Federal Rules and the applicable state law.

It is so ordered.